Filed 11/20/23  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C098525 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-01950) |
| v. | |
| JAMES T. WILSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James T. Wilson has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, it appears the trial court inadvertently failed to dismiss the remaining charges after accepting Wilson's no contest plea to a single count.  We shall modify the judgment to dismiss the remaining counts.  We find no other arguable error that would result in a disposition more favorable to Wilson and affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2022, Wilson was pulled over by a Yuba County Sheriff's deputy while riding a motorcycle in Marysville. During the traffic stop, Wilson informed the deputy that he was on parole. A records check revealed Wilson was on postrelease community supervision out of Sacramento County. A search of Wilson's backpack revealed a large collapsible baton, two plastic baggies containing substances suspected of being methamphetamine and heroin, several empty plastic baggies, an operable scale, and an eyeglass case containing four hypodermic needles.

The following month, Wilson was charged with one count of possession of a billy (count 1), two counts of possession of a controlled substance (counts 2 & 3), and one count of driving at an unsafe speed (count 4).

In January 2023, Wilson agreed to plead no contest to count 1 in exchange for a sentence of two years. He signed and initialed a plea form setting forth the terms of the agreement. Although the box on the form indicating the remaining counts would be dismissed was marked with "xx" and not initialed by Wilson, dismissal of these counts appears to have been the intent of the parties. Indeed, this portion of the form indicates that count 2 would be dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, which was confirmed by the trial court at the plea hearing when it explained to Wilson that a *Harvey* waiver meant that "even though that count is going to be dismissed, I can consider it for terms related to your sentence . . . ." After receiving required advisements and entering into appropriate waivers, Wilson entered a no contest plea to count 1 and entered a *Harvey* waiver with respect to count 2. Wilson then stipulated to relevant portions of the factual basis recited by the People, after which the trial court accepted the plea.

In March 2023, Wilson was sentenced to the agreed-upon two-year term of imprisonment. The trial court also imposed various fines and fees and awarded custody credits. The trial court did not, however, dismiss the remaining counts, as apparently

2

contemplated by the plea agreement. Nevertheless, the sentencing minutes state: "Remaining counts dismissed." The abstract of judgment also refers to only count 1, noting Wilson was convicted based on his plea and sentenced to the middle term of two years, without mentioning any other counts.

DISCUSSION

We appointed counsel to represent Wilson on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Wilson was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Wilson has not filed a supplemental brief.

After examining the record, we have discovered an error in the judgment. Although dismissal of the remaining counts apparently was contemplated by the parties as part of the plea agreement, the trial court inadvertently failed to dismiss these counts. As the "court may not proceed as to the plea other than as specified in the [approved] plea" (Pen. Code, § 1192.5), it follows that the trial court's silence at the sentencing hearing regarding the dismissal of the remaining counts was not an exercise of judicial discretion but, rather, a mistake in creating a record of the judgment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) This reading of the record is supported by the fact that the sentencing minutes state that the remaining counts were dismissed. However, "[t]he record of the oral pronouncement of the court controls over the clerk's minute order" (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2), which may not modify the judgment that it purports to digest. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Because the failure to dismiss the remaining counts appears to have been an inadvertent omission, and because the clerk's minutes did not correct this error, we will modify the judgment to reflect the dismissal of counts 2 through 4, as contemplated by the parties. As mentioned, the minute order and abstract of judgment already properly reflect this modification and

3

need not be amended.  We find no other arguable error that would result in a disposition more favorable to Wilson.

## DISPOSITION

The judgment is modified to dismiss counts 2 through 4.  As so modified, the judgment is affirmed.


                                                                     /s/
                                                       BOULWARE EURIE, J.


We concur:


     /s/
EARL, P. J.


     /s/
ROBIE, J.